UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CARL KEVIN MARTIN

v.                                                          Case No. 8:07-cr-48-T-24-TBM
                                                                     8:10-cv-16-T-24-TBM

UNITED STATES OF AMERICA

_____/

# ORDER

This cause comes before the Court on Petitioner Carl Martin's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 67). The Government opposes the motion (CV Doc. No. 7), and Petitioner has filed a reply brief (CV Doc. No. 8). Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing and will proceed to address the matter. As explained below, the motion is denied.

**I. Background**

On June 1, 2007, Petitioner pled guilty to two charges–possession with intent to distribute fifty grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. On August 28, 2007, Petitioner was sentenced to 270 months of imprisonment, and judgment was entered that same day. (CR Doc. No. 53, 59). In calculating the Guideline Range, the Court determined that Petitioner had a total offense level of 35 and a criminal history category III due to Petitioner's prior offenses.

Petitioner did not appeal his 270 month sentence. Instead, on December 29, 2009, he submitted the instant § 2255 motion for filing.

## II. Motion to Vacate Sentence

Petitioner sets forth one ground for relief in his § 2255 motion. Specifically, he argues that because the state court vacated one of his prior convictions, his criminal history category must be reduced from a category III to a category II, which would reduce his sentence. However, as explained below, it is questionable as to whether his § 2255 motion is timely, and even if it is, his argument for relief has no merit.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner did not appeal his conviction. His conviction became final when the time for filing an appeal expired. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). At the time that Petitioner was sentenced, the time for filing a direct appeal expired ten days after the written judgment of conviction was entered on the criminal docket. Fed. R. App. P.

4(b)(1)(A)(i) and 4(b)(6).[1]  Therefore, Petitioner's conviction became final in September of 2007.

Under § 2255(f)(1), Petitioner had one year from the date that his conviction became final in which to file his § 2255 motion.  Petitioner, however, did not submit his § 2255 motion for filing until December 29, 2009.  Since Petitioner filed his § 2255 motion more than two years after his conviction became final, he does not satisfy the time limit set forth in § 2255(f)(1).

However, Petitioner's motion may not be time-barred under § 2255(f)(4), because it was filed within one year after the state court vacated one of his prior convictions.  Specifically, Petitioner submitted a motion to vacate the conviction in state court on November 20, 2008, and the state court vacated the conviction on December 10, 2009.  Days later, on December 29, 2009, Petitioner submitted his § 2255 motion for filing in this Court.

In U.S. v. Walker, 198 F.3d 811, 813-14 (11th Cir. 1999), the Eleventh Circuit held that "a district court may reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence."  Later, the Supreme Court held that the one-year statute of limitations period for filing a § 2255 motion begins to run "when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence."  Johnson v. U.S., 544 U.S. 295, 298 (2005).

---

[1] The time period for filing a direct appeal set forth in Federal Rule of Appellate Procedure 4 has changed, and the new time period is fourteen days after the entry of judgment.

Thus, the determination of whether his § 2255 motion is timely filed depends on whether Petitioner acted with due diligence in petitioning the state court to vacate his conviction after he was sentenced by this Court. Petitioner was sentenced, and this Court entered judgment against him, on August 28, 2007. Petitioner did not submit a motion to vacate the state court conviction until November 20, 2008–almost fifteen months later.

Petitioner does not explain the reason for his fifteen month delay in his § 2255 motion or reply brief, and as such, this Court cannot find that he acted with due diligence. The Court notes that the determination as to whether a petitioner acted with due diligence requires an individualized, fact-driven inquiry and may require an evidentiary hearing. See Rivers v. U.S., 416 F.3d 1319, 1322 (11th Cir. 2005)(noting the individualized, factual nature of a due diligence determination); Aron v. U.S., 291 F.3d 708, 712 (11th Cir. 2002)(noting that the due diligence inquiry is an individualized inquiry). However, such a hearing is only warranted if the petitioner alleges reasonably specific, non-conclusory facts that, if true, would entitle him to relief. See Aron, 291 F.3d at 715 n.6. Petitioner has not alleged any facts relating to his diligence in requesting that the state court vacate his conviction, and as such, the Court will not hold an evidentiary hearing. Furthermore, an evidentiary hearing is not warranted, because it is clear on the record before the Court that even if his § 2255 motion is timely filed, Petitioner's § 2255 motion has no merit.

**B.  Exclusion of the State Court Conviction from Guideline Calculation**

Petitioner argues that because the state court vacated one of his prior convictions, his criminal history category must be reduced from a category III to a category II, which would

4

reduce his sentence. Petitioner's argument is flawed, because, as explained below, his Guideline range would not change if it was re-calculated with the vacated state conviction excluded.

When Petitioner was sentenced, he had five qualifying one-point offenses under U.S.S.G. § 4A1.1(c), which included the prior conviction for unauthorized reception of cable that was vacated by the state court on December 10, 2009.[2] However, only four points were added to Petitioner's criminal history under U.S.S.G. § 4A1.1(c) at sentencing, because the number of criminal history points that can be added under U.S.S.G. § 4A1.1(c) is limited to four points, regardless of the number of prior offenses. Therefore, if Petitioner's criminal history points were recalculated today excluding the prior conviction that was vacated, he would have four qualifying one-point offenses under U.S.S.G. § 4A1.1(c), which would mean that he would still have four points added under U.S.S.G. § 4A1.1(c).

It appears that Petitioner argues in his reply brief that two of his prior offenses that were counted under U.S.S.G. § 4A1.1(c) were actually the same offense. Specifically, he points to paragraphs 40 and 42 of his PSI Report. However, this argument has no merit, as paragraph 40 refers to Petitioner's arrest on December 23, 2002 for giving a false name to law enforcement and driving with a suspended license, while paragraph 42 refers to Petitioner's arrest on January 17, 2005 for possession of marijuana.

Additionally, Petitioner appears to argue in his reply brief that his prior offense of possession of cocaine, for which he was arrested on December 2, 2000, should not have been

---

[2]The five prior offenses are: (1) possession of cocaine on December 2, 2000; (2) giving a false name to law enforcement and driving with a suspended license on December 23, 2002; (3) possession of marijuana on January 17, 2005; (4) possession of marijuana on April 19, 2005; and (5) unauthorized reception of cable on February 8, 2006. (PSI Report, ¶ 38, 40, 42, 43, 44).

5

counted under U.S.S.G. § 4A1.1(c), because he pled nolo contendere and adjudication was withheld. This argument has no merit, because such an offense is scorable under U.S.S.G. § 4A1.1(c), as it is a diversionary disposition under U.S.S.G. § 4A1.2(f). See U.S. v. Rockman, 993 F.2d 811, 814 (11th Cir. 1993).

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of April, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record