UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CARL KEVIN MARTIN

v.  Case No. 8:07-cr-48-T-24-TBM
8:10-cv-16-T-24-TBM

UNITED STATES OF AMERICA

_____/

### ORDER

This cause comes before the Court on Petitioner Carl Martin's motion to reconsider this Court's April 29, 2010 order denying his § 2255 motion. (CV Doc. No.11).  As explained below, the motion is denied.

**I.  Background**

On June 1, 2007, Petitioner pled guilty to two charges–possession with intent to distribute fifty grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime.  On August 28, 2007, Petitioner was sentenced to 270 months of imprisonment, and judgment was entered that same day.  (CR Doc. No. 53, 59).  In calculating the Guideline Range, the Court determined that Petitioner had a total offense level of 35 and a criminal history category III due to Petitioner's five prior offenses.

Petitioner did not appeal his 270 month sentence.  Instead, on December 29, 2009, he filed a § 2255 motion.  (CV Doc. No. 1; CR Doc. No. 67).  In the motion, he asserted one ground for relief–that his criminal history category (and thus his ultimate sentence) should be reduced due to the state court vacating one of his prior convictions.  In his reply brief, Petitioner further elaborated that he believed that the Court did not count the number of prior offenses correctly, because: (1) the offenses in paragraphs 40 and 42 of his PSI Report were actually the same

offense, but they were counted as separate offenses; and (2) his prior offense of possession of cocaine, for which he was arrested on December 2, 2000, should not have been counted, because he pled nolo contendere and adjudication was withheld. (CV Doc. No. 8).

This Court denied his § 2255 motion, finding that the motion was untimely and that the fact that one of his five prior offenses was vacated by the state court did not affect his criminal history category due to his other four remaining offenses. (CV Doc. No. 9). Additionally, the Court rejected Petitioner's arguments that the offenses in paragraphs 40 and 42 of his PSI Report were actually the same offense and that his prior offense of possession of cocaine should not have been counted. (CV Doc. No. 9). After denying the motion, the Court entered judgment against Petitioner in the civil case on April 30, 2010. (CV Doc. No. 10).

**II. Motion for Reconsideration**

In the instant motion, Petitioner asks this Court to reconsider its order denying his § 2255 motion. Specifically, he states that he mistakenly identified the wrong prior offense in his reply brief with respect to his argument that the offense should not be counted because adjudication was withheld–he referred to his arrest on December 2, 2000 for possession of cocaine (described in paragraph 38 of his PSI Report) in his reply brief, when he meant to refer to his arrest on January 7, 2005 for possession of cannabis (described in paragraph 42 of his PSI Report). Thus, he asks the Court to reconsider its order and consider this new argument.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review of

Petitioner's motion, the Court finds that it should be denied, because reconsideration is not warranted.

While Petitioner characterizes his new argument as simply a correction of an "inadvertent mistake" in his reply brief, it is clear that the "mistake" was not a simple typographical error. Petitioner spent approximate one-third of a page in his reply brief discussing his arrest for possession of cocaine and why it should not have been counted. Now, Petitioner wants the Court to consider whether his arrest for possession of cannabis was properly counted. This is a *new* argument that could have been raised in his § 2255 motion, and therefore, consideration of this new argument is not an appropriate basis for reconsideration.

Furthermore, even if the Court considered this new argument, the motion would be denied.[1] Petitioner pled nolo contendere to the January 17, 2005 charge of possession of cannabis, and adjudication was withheld. As such, this offense is scorable under U.S.S.G. § 4A1.1(c).

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion for reconsideration (CV Doc. No. 11) is **DENIED**.

---

[1] Since the Court found Petitioner's original § 2255 motion to be untimely, the Court's consideration of Petitioner's new argument would not change the Court's finding of untimeliness.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of July, 2010.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record