UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL KEVIN MARTIN

v.  Case No. 8:07-cr-48-T-24-TBM
8:12-cv-357-T-24-TBM

UNITED STATES OF AMERICA

Related Case No.: 8:10-cv-16-T-24-TBM
_____/

**ORDER**

This cause comes before the Court on Petitioner Carl Martin's second motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 93[1]). Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing and will proceed to address the matter. As explained below, the motion is denied.

**I. Background**

On June 1, 2007, Petitioner pled guilty to two charges–possession with intent to distribute fifty grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. On August 28, 2007, Petitioner was sentenced to 270 months of imprisonment, and judgment was entered that same day. (CR Doc. No. 53, 59).

Petitioner did not appeal his sentence. Instead, on December 29, 2009, he submitted his first § 2255 motion for filing, in which he challenged the Court's Guideline calculation. (CR Doc. No. 67). The Court denied his first § 2255 motion. (CR Doc. No. 82). Petitioner moved for reconsideration, which this Court denied. (CR Doc. No. 84). Thereafter, Petitioner filed a

---

[1]Citations to the criminal docket are denoted as CR Doc. No. Citations to the instant civil case docket, which contains Petitioner's second § 2255 motion, are denoted as CV Doc. No. Citations to the related civil case docket, which contains Petitioner's first § 2255 motion, are denoted as R-CV Doc. No.

Notice of Appeal of the order denying his first § 2255 motion and the order denying his motion for reconsideration, and the Eleventh Circuit denied him a certificate of appealability. (R-CV Doc. No. 24, 26).

Now, four-and-a-half years after Petitioner was sentenced, he filed a second § 2255 motion. This motion was submitted to prison authorities for mailing on February 14, 2012.

## II. Motion to Vacate Sentence

Petitioner sets forth three grounds for relief in his second § 2255 motion. Specifically, he argues that (1) the Court's Guideline calculation is wrong;[2] (2) the Government breached his plea agreement by not moving for a sentence reduction under Rule 35 based on his cooperation after he was incarcerated; and (3) his guilty plea was not knowingly and intelligently made. However, as explained below, his motion must be denied, because it is untimely and successive.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

---

[2] Petitioner indicates in his second § 2255 motion that he raised this issue in his first § 2255 motion.

Petitioner did not appeal his conviction. His conviction became final when the time for filing an appeal expired. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). At the time that Petitioner was sentenced, the time for filing a direct appeal expired ten days after the written judgment of conviction was entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6).[3] Therefore, Petitioner's conviction became final in September of 2007.

Under § 2255(f)(1), Petitioner had one year from the date that his conviction became final in which to file his § 2255 motion. Petitioner, however, did not submit his second § 2255 motion for filing until February 14, 2012. Since Petitioner filed his second § 2255 motion more than four years after his conviction became final, he does not satisfy the time limit set forth in § 2255(f)(1). Furthermore, to the extent that Petitioner intends to rely on a different subsection of § 2255(f) with respect to his contention that the Government breached his plea agreement by not moving for a sentence reduction, Petitioner fails to provide the date of his alleged cooperation or explain why this claim is not untimely.

Accordingly, the Court finds that Petitioner's second § 2255 motion is untimely. As such, the motion must be denied.

**B. Successive Filing**

Additionally, this motion must be denied because it is a successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the

---

[3]The time period for filing a direct appeal set forth in Federal Rule of Appellate Procedure 4 has changed, and the new time period for a defendant to file an appeal in a criminal case is fourteen days after the later of: (1) the entry of judgment, or (2) the Government's filing of a notice of appeal.

Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case.

### III. Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 93) is **DENIED** as time-barred and as a successive filing. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

**CERTIFICATE OF APPEALABILITY AND**
**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record